UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

GARY DEWAYNE WEBER,     Plaintiff,

v.     Civil Action No. 3:15-cv-754-DJH

LOUISVILLE METRO POLICE
DEPARTMENT *et al.*,     Defendants.

\* \* \* \* \*

## **MEMORANDUM OPINION**

This matter is before the Court on initial review of Plaintiff Gary Dewayne Weber's *pro se*, *in forma pauperis* complaint pursuant to 28 U.S.C. § 1915(e)(2). For the reasons that follow, the action will be dismissed.

### I.

Plaintiff filed his complaint on a form. As Defendants, he names the Louisville Metro Police Department (LMPD) and the Carrollton, Kentucky Police Department (CPD). In the section of the form asking whether there are other plaintiffs, Plaintiff indicates, "I don't know about any if they are they afraid, . . . them cops from both towns say they get mad at the good looking like me and other & good people like me and lie on me and other to look at are body's naked in Jail and sale are picture nake to other police men & women from Jefferson to Carroll County."

As grounds for filing this action in federal court, Plaintiff states, "A group of offices and lawers & Judge's took may money, motor, bike, and planted drugs on me, And sayed they was going to lie, on me and Have a cop murder me And they said that they make false arrest on people to see there naked."

In the statement-of-claim portion of the complaint form, Plaintiff alleges as follows:

> A lawer male walk up to me and tryed to fight me behind His boss back and a Judge 2 of them both was female tryed to lie and get me bet up by there police in the court "room." and this was in Jefferson Hall of Justice & the 2 lawers and 2 Judge's tryed to get me in a fight with a male & female informent from Carrollton County Ky and two more people came to me in [illegible] from that Carroll County, Ky, telling my that the police be made because no crime have been made and I'm good looking and the people in the year book look good and if we don't do any thing bad we will see arrested falsely and picture will be "made of me" body naked & solded to police.

To the complaint, Plaintiff attaches four handwritten pages of allegations on his own paper. The allegations in the attachments, like those in the complaint form, are not a model of clarity. Therein, Plaintiff alleges:

> The said that the was going to kill my dad the police of Carrollton The Cheif of Carrollton Kentucky said it and some other office said and I butter not go back there ever to pick up his dead N-word said the police of Jefferson or Louisville Kentucky & Carrollton Kentucke.
>
> Plus they be false arresting people and drop off by my House or store that I be at. to eather fight me because of a lie the police Have told I belive that they going to kill me because I wont to spong my record and go to school or college and Have a job a good job but the police I'm talk keep fighting me following me around the city flaging me down not liveing the place I'm at like work or school droping drug or people to fight.

Additionally, alleges Plaintiff, both police departments "play with my phone number that why my number changed because the police men & women from both county was running my phone bill up so bad i could not 'keep it!' making prank call on my phone." He also alleges, "I need to put restraining order on the office all of them because also the have told me that they will kill me if the boss find out that they was on drugs." Further, claims Plaintiff, "the are white and black officer's who are racist trying to make people," and "the office like to change there looks to and the like to move from one side of town then next but I can see and I all so can tell who it. is?"

2

Finally, to his complaint form, Plaintiff also attaches an order entered September 24, 2014, by the Jefferson District Court in Criminal Case No. 14-F-008201 against Plaintiff. The order released the property seized and impounded by the LMPD in relation to the criminal case and returned it to Plaintiff.

As relief in the complaint form, Plaintiff requests (1) "Please let me tell you [illegible] this officer are in and find them in your picture album think you"; and (2) "Prayer for me and other and get the money that they or even me deserve like my $75,000 for this long and sad truth." In the handwritten pages attached to the complaint, Plaintiff requests $75,000 from both the LMPD and the CPD and "to ideneify officer of both County and put or like to put restraining on the office."

## II.

Because Plaintiff is proceeding *in forma pauperis*, the Court must review his complaint under 28 U.S.C. § 1915(e). On review, a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

3

570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

Based on Plaintiff's allegations, the Court liberally construes the complaint as being brought pursuant to 42 U.S.C. § 1983. *Vistein v. Am. Registry of Radiologic Technologists*, 342

F. App'x 113, 127 (6th Cir. 2009) ("To proceed on a claim under 42 U.S.C. § 1983, a plaintiff must show that a person acting under color of state law deprived the plaintiff of a right secured by the Constitution or laws of the United States."); *Thomas v. Shipka*, 818 F.2d 496, 499 (6th Cir. 1987) ("[I]n cases where a plaintiff states a constitutional claim under 42 U.S.C. § 1983, that statute is the exclusive remedy for the alleged constitutional violations."), *vacated and remanded on other grounds*, 488 U.S. 1036 (1989).

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

The Court will dismiss the claims against both Defendants LMPD and CPD because neither is an entity subject to suit under § 1983. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994); *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that a police department may not be sued under § 1983). Rather, the claims against the LMPD are against the Louisville Metro Government as the real party in interest, and the claims against the CPD are against the City of Carrollton as the real party in interest. *See Matthews v. Jones*, 35 F.3d at 1049 ("Since the Police Department is not an entity which may be sued, Jefferson County is the proper party to address the allegations of Matthews's complaint.").

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will address the issues in reverse order.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in original).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. at 691; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).

None of the allegations in the complaint demonstrate that any alleged wrongdoing or injury occurred as a result of a policy or custom implemented or endorsed by either the

Louisville Metro Government or the City of Carrollton. Accordingly, the complaint fails to establish a basis of liability against the municipalities and fails to state a cognizable § 1983 claim.

Moreover, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). Plaintiff's complaint meets this standard.

For these reasons, the Court will dismiss this action by separate Order.

Date: February 29, 2016

**David J. Hale, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
4415.005